IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| GEORGE GITAU MUIRURI WATHIGO, | * |
| Petitioner, | * |
| | * CASE NO. 4:13-CV-47 CDL |
| v. | * 28 U.S.C. § 2241 |
| ERIC HOLDER, JANET NAPOLITANO, | * |
| FELICIA SKINNER, and STACEY STONE, | * |
| Respondents. | * |

## REPORT AND RECOMMENDATION

Currently pending before Court is Respondents' Motion to Dismiss. (ECF No. 10.) Petitioner was ordered to file a Response to the Motion to Dismiss but failed to do so. For the reasons explained below, Respondents' motion to dismiss should be granted.

### BACKGROUND

Petitioner filed his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 25, 2013. In his application, Petitioner argues that that he is a native and citizen of Kenya who was taken into custody by Immigration and Customs Enforcement ("ICE") on May 31, 2012. (Pet. for Writ of Habeas Corpus 3, ECF No. 1.) Petitioner was ordered removed on July 10, 2012. (*Id.*) Petitioner contends in his application for habeas relief that he qualifies for an order of supervision because he has been in custody for over 180 days since his order of removal became final. (*Id.* at 7.)

Subsequent to the filing of Petitioner's application for habeas relief, the Government attempted to remove Petitioner. ICE agents took Petitioner to the airport for

removal, but Petitioner refused to get on the airplane. (Dec. of Deportation Officer William C. Hampton ¶12; Resp'ts' Ex. 2.) Respondents seek dismissal of Petitioner's application based on the fact that Petitioner's removal is imminent and that he has failed to cooperate with his removal.

## DISCUSSION

### I.   Respondents' Motion to Dismiss

Petitioner's detention pending removal from the United States is governed by section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a). Under this provision, the Attorney General is afforded a ninety-day period to accomplish an alien's removal from the United States following the entry of a final order of deportation or removal. INA § 241(a)(1)(A)-(B); 8 U.S.C. § 1231(a)(1)(A)-(B). During the 90-day period, Congress has mandated detention of the alien ordered removed. INA § 241(a)(2); 8 U.S.C. § 1231(a)(2). Additionally, the ninety-day removal period may be extended "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

In *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001), the Supreme Court found that section 241(a) of the INA authorizes detention after entry of an administratively final order of deportation/removal for a period "reasonably necessary" to accomplish the alien's removal from the United States. The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish an alien's removal. *Id*. at 701. The six month presumption does not mean that every

detainee not removed within the time period must be released. To the contrary, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonable foreseeable future. *Zadvydas*, 533 U.S. at 701. The Court of Appeals for the Eleventh Circuit has specifically held that to be released pursuant to the ruling in *Zadvydas*, an alien must show: "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (internal quotation marks and citation omitted).

Here, it is uncontested that Petitioner's removal is likely in the reasonably foreseeable future. In fact, the only reason that Petitioner has not already been removed is because Petitioner has refused to cooperate with his removal. Petitioner has failed to provide any evidence that he is not likely to be removed in the near future or to show that he would not be removed if he would cooperate with ICE's attempts at removal. *See Zadvydas*, 533 U.S. at 701 (explaining that the alien must first provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future before burden shifts to government to provide evidence to rebut that showing); *Pelich v. INS*, 329 F.3d 1057, 1061 (9th Cir. 2003) ("We therefore join the existing chorus of courts and hold that an alien cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with the INS's efforts to remove him."). Because Petitioner's delayed removal is due solely to his refusal to cooperate,

Petitioner's continued detention complies with 8 U.S.C. § 1231(a)(1)(C) and is constitutional. It is therefore recommended that Respondents' motion to dismiss be granted.

Furthermore, to the extent that Petitioner is challenging his final order of removal, his petition should be dismissed for lack of jurisdiction. Specifically, the REAL ID Act, 8 U.S.C. § 1252, divests this court of jurisdiction to hear any challenge to a final order of removal. The REAL ID Act states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . , a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]

8 U.S.C. § 1252(a)(5). This is a clear statement of congressional intent to limit habeas jurisdiction in certain circumstances. *See Sundar v. INS*, 328 F.3d 1320, 1324 (11th Cir. 2003) (explaining that habeas review may only be limited where there is a clear statement by Congress); *Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699-700 (11th Cir. 2011) ("[A]n order of removal maybe reviewed only by a court of appeals after the filing of a petition for review."). There is a final order of removal here that can only be, and currently is being, reviewed by the Eleventh Circuit. *See generally Ndjoko v. U.S. Attorney Gen.*, No. 12-12818 (11th Cir.). This Court lacks jurisdiction under the REAL ID Act to hear Petitioner's claims concerning whether his order for removal was "legal" or proper.

## CONCLUSION

For the reasons stated above, Respondents' Motion to Dismiss (ECF No. 18)

should be granted.  Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED this 22nd day of July, 2013.

S/ Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE